UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
KEVIN C. CARRINGTON,           :
                               :
         Plaintiff             : No. 4:CV-06-2428
                               :
     vs.                       : (Complaint Filed 12/19/06)
                               :
                               : (Judge Muir)
EUGENE BRENNIER, et al.,       :
                               :
         Defendants            :
```

**ORDER**

March 19, 2007

Kevin C. Carrington, an inmate presently confined in the Schuylkill County Prison, Pottsville, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The named defendants are Eugene Berdanier[1], Schuylkill County Prison Warden; and Scott Rizzardi, Schuylkill County Prison Lieutenant.

Presently before the Court is defendants' motion to dismiss, and/or for summary judgment, in which defendants argue that Carrington has failed to exhaust available administrative

---

[1] Plaintiff incorrectly spelled this defendant's name as "Brennier", in his complaint.

remedies.[2] (Doc. No. 10).  For the reasons outlined below, the defendants' motion will be granted.

**Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted.  See FED.R.CIV.P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Langford vs. City of Atlantic City,

---

[2] In Spruill vs. Gillis, 372 F.3d 218, 230 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit addressed the issue of whether the defendants in Spruill properly identified their motion as one for dismissal pursuant to Fed.R.Civ.P. 12(b)(6).  The Court noted that "[g]iven that the exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold that we may also consider these without converting it to a motion for summary judgment." Id. at 223.  (citing Steele vs. Fed. Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003)).  See also Brown vs. Croak, 312 F.3d 109, 111(3d Cir. 2002)("In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss"); Ray vs. Kertes, 285 F.3d 287, 293 n.5(3d Cir. 2002) (motions to dismiss may be pursued on failure to exhaust grounds in certain circumstances).  Accordingly, the records submitted by defendants in support of their motion to dismiss are indisputably authentic records which may be considered by this Court without converting the motion to a motion for summary judgment.

235 F.3d 845, 847 (3d Cir. 2000) (citing Nami vs. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz vs. Sorema N.A., 534 U.S. 506, 514 (2002).

"In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan vs. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court, however, need not accept "bald assertions" or "legal conclusions." Morse vs. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Likewise, the court need not "conjure up unpled allegations or contrive elaborately arcane scripts" to breathe life into an otherwise defective complaint. Gooley vs. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

**Statement of Facts**

Plaintiff, a Rastafarian, alleges that on November 11, 2006, his religious belief not to cut his hair was "broken" when Lt. Rizzardi "hand cuff[ed] [him] and held [him] down and cut [his] hair of (sic) due to the fact that he thought [plaintiff] had a razor blade in [his] hair." (Doc. No. 1, complaint). Plaintiff alleges that despite his statement that "the only blade [he] had was in my mouth", Correctional Officer Chapman did a full search of plaintiff's head and found no razor. Id.

Plaintiff states that he did not file a grievance concerning his complaint because "said Lt. in this case came to [his] cell and told [him] off about it" and that he was "cursed out by said Lt. Rizzardi about [a] letter [he] sent to the Warden." Id.

On December 19, 2006, the plaintiff filed the instant civil rights action in which he claims a violation of his First and Eighth Amendment Rights. Id. For relief, plaintiff seeks compensatory damages, as well as injunctive relief.

**II  Discussion**

Defendants contend that Carrington's complaint should be

4

dismissed for his failure to exhaust available administrative. In pertinent part, the Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Exhaustion requires completion of the entire administrative process. Ahmed vs. Sromovski, 103 F. Supp. 2d 838, 843-44 (E.D. Pa. 2000). If a prisoner fails to follow the required administrative procedures, including meeting deadlines, the inmate's action cannot be maintained. See Buckner vs. Bussanich, No. 1:CV-00-1594, slip op. at 6 (M.D. Pa. April 3, 2001) (Caldwell, J.)("an administrative remedy is not made unavailable simply because a prisoner failed to timely exercise his rights under the procedure. Otherwise, the prisoner could avoid the exhaustion requirement simply by refusing to pursue administrative remedies").

The Schuylkill County Prison has a comprehensive administrative grievance procedure which provides for an administrative review of institutional grievances. (See Doc.

No. 12, Ex. A, copy attached). The Offender Grievance Policy is intended to provide an internal grievance policy for resolving complaints of prison policy, civil rights, constitutional rights, or statutory rights. Id.

Inmate complaints are to be in writing, and submitted within thirty (30) days of the event, on a grievance form which is to be requested through the office of the Deputy Warden. Id. The Deputy Warden will serve as the Grievance Coordinator. The grievance will be numbered and dated upon receipt, and a response will be issued within fifteen (15) working days. Id. An inmate who is dissatisfied with the recommendation of the Deputy Warden may file an appeal with the Warden within ten (10) days after the issuance of the Deputy Warden's report. Id. The Warden's decision on the appeal will be final. Id.

The burden of demonstrating exhaustion rests with the plaintiff. See Nyhuis vs. Reno, 204 F.3d 65, 67 (3d Cir. 2000). A review of the record reveals that plaintiff has failed to demonstrate that he has exhausted his claims.

With respect to allegations raised in plaintiff's complaint, there is nothing in the record to suggest that plaintiff filed or attempted to file a grievance regarding this

6

incident. In fact, plaintiff, himself, states that he did not file a grievance pertaining to the incident. (Doc. No. 1). To the extent that plaintiff claims that he wrote a letter to the Warden, such is not proper exhaustion under the Schuylkill County Prison Grievance Procedure.  Thus, such failure to exhaust is fatal to this claim.

Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through a grievance process.  See Porter vs. Nussle, 534 U.S.516, 523 (2002)("we hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth vs. Churner, 532 U.S. 731 (2001)(holding that an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues). Thus, prisoners are required to exhaust administrative remedies prior to seeking relief pursuant to § 1983 or any other federal law.  Booth, 532 U.S. at 739.  The Court of Appeals for the Third Circuit has concluded that "it is beyond the power of

7

this court...to excuse compliance with the exhaustion requirement." Nyhuis vs. Reno, 204 F.3d 65, 73 (3d Cir. 2000). Consequently, defendants' motion to dismiss the complaint will be granted.

**IT IS HEREBY ORDERED THAT:**

1. The defendants' motion to dismiss the plaintiff's complaint (Doc. No. 10) is **GRANTED.**

2. The Clerk of Court shall **CLOSE** this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.


        s/Malcolm Muir
        MUIR
        United States District Judge